## J. D. ABBOTT v. GEORGIA & NORTH CAROLINA RAILROAD COMPANY.

### Contract—Officer of Railroad Company—Compensation.

1. The plaintiff was elected secretary and treasurer of a railroad company at a salary fixed by one of its by-laws, and entered upon and discharged the duties of that office, until his successor was chosen; *Held*, in an action to recover his salary, that the plaintiff is not required to show that such services as appertained to the office were performed, where the answer of the defendant admits the duties were discharged and offers no evidence to support any objection to the manner and kind of service rendered.

2. *Held further :* The by-law constitutes the contract between the parties, and under a stipulation contained therein, the compensation, though measured by the day, is continuous during the term of service, and not dependent upon each day's work.

CIVIL ACTION tried at Fall Term, 1883, of CHEROKEE, Superior Court, before *Gudger*, *J.*

The plaintiff alleges that in the month of November, 1878, he was elected to the office of secretary, associated with that of treasurer, of the defendant company, by its board of directors, acting in pursuance of the by-laws, at a fixed compensation of two dollars per day for his services and necessary expenses, and immediately entered upon the discharge of his official duties; that he continued to serve the company in that capacity until August 10, 1882, when his resignation, according to its terms, took effect by the appointment of a successor; and he has received several sums of money, amounting to $786, which credited upon the sum claimed to be due ($2,348), reduces it to $1,502, and for recovering this residue the action is brought.

The answer of the company admits the election at the time specified, and that the plaintiff at once proceeded to discharge his assumed duties, but it denies that he continued in the company's service up to August, averring that he ceased to act on the 17th day of May preceding, and that the books and valuable papers in his custody then passed into the hands of the presi-

dent of the company, and were held by him thereafter, except as they were necessary for the succeeding secretary and treasurer to have them at meetings of the directory. It is denied that the plaintiff served during his term of office for 1,174 days, as alleged by him in the complaint.

The answer charges, in reference to the credits, that the moneys represented in them came into the possession of the plaintiff in his official capacity, and could not be appropriated to his own use, nor to any other, unless by order of the board of directors, and that this attempted application of the fund to the plaintiff's demand is an act of official misconduct, and in direct violation of his fiduciary obligations to the company.

There were no issues prepared for submission to the jury as directed by a rule of this court, and now by THE CODE, §§393 and 394, superseding the rule, but the trial was upon the matters in controversy contained in the pleadings without eliminating them severally.

The plaintiff exhibited in evidence his written resignation, tendered on May 17, 1882, and in terms to take effect as soon as a successor should be appointed, proved the election of one G. G. Whitcomb to the office on August 10th following, and his receipt on the next day from the plaintiff of the company's effects in his possession.

He also introduced certain by-laws adopted by the company relating to the offices of president, secretary and treasurer, and prescribing the duties of the two last. The first provides for the election annually, of a president, by the board of directors, at their first meeting after the annual meeting of the stockholders, and for his continuance in office for one year and until the election of a successor, with compensation at "two dollars per day, while in actual service, over and above his necessary travelling expenses while on business for the company.

Those sections which define and regulate the other two offices are as follows:

*Secretary:* "It shall be the duty of the secretary to keep a full record of all meetings of the board of directors and stock-

holders, and perform such other duties as may be required of him from time to time, as secretary, by the president and directors, who shall give bond for the faithful performance of the duties aforesaid, and for the delivery of all books, records and papers in his possession, as secretary, to his successor in office; said bond shall be in the sum of $1,000, to be approved by the president and board of directors before entering upon the duties of his office, and shall receive for his services two dollars per day and necessary expenses.

*Treasurer:* " It shall be the duty of the treasurer to take into his care and keeping all the bonds, notes, moneys and other evidences of stock and securities now belonging to said company or that may hereafter belong to the same, to be appropriated and disbursed only upon the order and direction of said company; and that he shall, from time to time, report to said president and directors as required by them, the amount of the same on hand and the manner of his disbursements, specifically stating how the same has been settled, or is now due, and what amounts and the manner of disbursements, item by item; that he shall receive no salary while acting in the capacity of secretary and treasurer, aside from the salary of secretary."

The defendant offered no evidence, and the court intimating that upon this state of the proofs the plaintiff could not recover, and so the jury would be instructed, he suffered a nonsuit and appealed.

*Messrs. E. C. Smith* and *Fuller & Snow,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

SMITH, C. J., after stating the case. We are at a loss to know upon what ground this ruling is made, unless it be, and this we infer from the argument here, that the plaintiff was bound to go on and show that services, such as appertain to the double offices, were rendered during the interval covered by his claim, to entitle him to a verdict, and that none had been proved. If so, we do not concur in this view.

The defendant's answer admits the plaintiff's allegation of his election at the time mentioned, and his entering at once upon the discharge of his official duties, and, in the denial that the plaintiff "continued to act as secretary and treasurer as aforesaid until the 10th day of August, 1882," for that "he ceased to act on the 17th day of May, 1882, when the books, accounts, notes and other valuable papers of the company were delivered to the president," admits also under the rules of pleading the continued discharge of those duties up to the earlier day specified. There was no necessity for producing evidence in the face of this concession of the rendition of services during the undisputed interval. But there is no denial in the answer of the plaintiff's faithful performance of every imposed duty, nor any suggestion in the answer of dereliction, except in the alleged appropriation of moneys of the company received to his own claim against it.

It is not material how onerous or light the required services were, for the compensation to be paid for them is fixed at a definite sum, and this the company contracts to pay. It is quite sufficient that the plaintiff held the offices, kept the papers of the defendant, gave the bond for his personal fidelity, and so performed the services undertaken as to be retained in office and without complaint while discharging them, or even now made, except in the particular mentioned, in the answer and defence set up to the action.

If there was any objection to the manner and kind of service, none was supported by evidence, for the defendant declined to offer any.

The counsel for defendant here contends that the compensation is *per diem* and dependent upon each day's work, ceasing when none was done and requiring proof of performance.

No such condition is found in the by-laws which constitutes the contract, for, there, the compensation is continuous though measured by the day, and it is expressly spoken of as a salary in the clause declaring that no additional compensation shall be

30

paid for discharging the duties of treasurer, when that office is united with that of secretary—that allowed the latter being for both.

The presence of such a condition in the provision for paying the president, that it shall be "two dollars per day while in actual service," and the absence of it in that relating to the secretary, plainly indicates an intention to establish a different rule for the latter. As long, therefore, as the defendant retained the plaintiff in its service it is bound to pay him the stipulated compensation.

The defendant has not undertaken to sustain the allegations imputing official misconduct to the plaintiff, in misapplying the funds in his possession to his own use in reducing his debt, and as they are deemed to be controverted (C. C. P., §127), they must be put out of the way. The charge itself is rather of an attempt thus to apply the moneys in his hands than a malfeasance and mismanagement; and this is covered by the bond. It is only available, if available at all in this proceeding, as constituting a counter-claim, the sum misapplied; and this result is secured by the credit voluntarily given by the plaintiff himself. It cannot be a defence to the action and be permitted to extinguish all liability incurred by the defendant to pay for services rendered, while it seems to have been so intended.

We do not undertake to determine for how long a time the plaintiff is entitled to claim his *per diem* salary or compensation, but there is error in denying him any upon the proofs offered.

The nonsuit must set aside and a new trial awarded, and it is so ordered. This will be certified to the superior court.

Error.                *Venire de novo.*